UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA ISUPOV,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN RELOCATION MOVING SPECIALIST,<br><br>        Defendant.<br>_____/ | CASE NO. 1:11-cv-00950-AWI-SMS<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

Plaintiff Elena Isupov, proceeding *pro se* and *in forma pauperis*, filed her complaint on June 10, 2011. She seeks damages arising from alleged fraud by Defendant, an interstate moving company. This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.**  **Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standards

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)     a short and plain statement of the claim showing the pleader is entitled to relief; and

(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation*

///

*marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

In lieu of a typical form of complaint, Plaintiff has filed a one-page letter and various documents relevant to her transaction with Defendant. If Plaintiff chooses to amend the complaint, as she is permitted to do pursuant to this order, she must correlate her claims for relief with the factual basis underlying each one. To accomplish this objective, Plaintiff may find it helpful to reorganize her complaint to set forth each claim individually, followed by the relevant supporting allegations. Organizing the complaint in this way may also assist Plaintiff in identifying and removing irrelevant or unnecessary factual allegations and duplicative or unsupported causes of action. By so organizing her complaint, Plaintiff will enable the Court to evaluate her claims and the facts supporting each one.

Plaintiff is also reminded that the Court is not a repository for the parties' evidence. Originals or copies of evidence are properly submitted when the course of the litigation brings the evidence into question (as upon a summary judgment motion, at trial, or upon the Court's request). During the screening process, which Plaintiff's complaint is now undergoing, Plaintiff is required only to state a prima facie claim for relief. Submission of evidence is premature. Accordingly, a plaintiff is well advised to state fully the facts supporting her claims against the defendant(s) and to refrain from attaching exhibits.

When screening a plaintiff's complaint, the Court must assume the truth of the factual allegations. Submitting exhibits to support the complaint's allegations is generally unnecessary. When a plaintiff is compelled to submit exhibits with a complaint, such exhibits must be attached to the complaint and incorporated by reference. Fed. R. Civ. Proc. 10(c). Plaintiff is cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits.

**III.     Factual Background**

Plaintiff retained Defendant's services to move her household belongings from 5185 E. Lamona Avenue, Fresno, California, to Calhoun, Tennessee, using Defendant's website. Mary Davidson e-mailed an undated letter to Plaintiff, transmitting Defendant's estimate to move 2600

1  pounds from Fresno, California 93727 to 37309.  The estimate provided for the moving of 2500

2  pounds at $.47 per pound for a total of $1175.00 plus a 7.00% fuel surcharge of $82.25.  Defendant

3  also provided a 7% discount equal to the amount due as the fuel charge.  Davidson advised

4  Plaintiff that she could secure a more accurate estimate by providing an item list at a link on the

5  website or by having Davidson conduct a free in-home consultation.  According to Plaintiff,

6  payment of one-half of the amount due was to be made by debit card after the truckload was

7  weighed.

8        Plaintiff alleges that, on moving day, March 24, 2011, Plaintiff's son and daughter oversaw

9  the loading of Plaintiff's belongings into the moving truck since Plaintiff had already moved to

10  Tennessee.  The mover, North American Transfer, revised the estimate to reflect a total weight of

11  4000 pounds.  At a rate of $.86 per pound, the new total was $2603.00.  The mover demanded a

12  $500 cash payment instead of the debit card arrangement to which Plaintiff had previously agreed.

13        The revised written estimate, appended to the complaint, was prepared under the name of

14  North America Transfer.  It rescinded the original estimate, indicating "Shipper moving more

15  items/weight then was first anticipated."  The revised written estimate indicated that the request for

16  rescission and new estimate were made both by phone and in person prior to loading.  The revised

17  written estimate did not indicate whether it was binding or nonbinding.  The text of the agreement

18  read:

19  > The rescission of the original estimate and new visual estimate supersedes all other
20  > estimates and controls as the current estimate.  I hereby request that any and all
     > previous estimates be rescinded because I have significantly altered the
21  > circumstances surrounding my move from which I first requested an estimate.  This
     > revised written estimate , in accordance with 49 CFR 375.403(a)(5)(ii) and
22  > 375.405(b)(7)(ii), is valid only if executed before any work begins. Packing material
     > and labor are not included and will be charged per items ordered and listed on the
23  > packing materials price list.  On interstate moves an 18 wheeler may be used to
     > deliver the property.  If the destination address does not have access for an 18
24  > wheeler the shipper will be required to pay for shuttle service.  For all estimates the
     > may be additional charges for flights of stairs, elevators, extra drop-offs or pick-ups,
25  > re-delivery, long carriers, and shuttles for residences in restrictive complexes.  This
     > new estimate is rate based on the weight or cubic feet that were estimated.  If non-
26  > binding, the total charges are based on the actual weight of the property and may
     > exceed the estimate subject to the 110% rule; maximum amount demanded at time
27  > of delivery is the amount of the non-binding estimate plus 10%.  If binding, then the
     > total amount of the binding estimate (100%) must be paid in full prior to unloading.
28  > Additional charges will incur for services performed after the estimate is given and
     > billed after 30 days.  I understand that I will be notified of final charges prior to

4

delivery and while in transit.  Upon booking the job 20% of the estimate must be paid as a deposit in the form of credit card (Visa, Mastercard, or American Express), cash, postal money order, or personal check if there is at least 10 days before delivery.  The remaining balance must be paid in full upon delivery by cash, postal money order only.  Payment in FULL of the estimated charges is required before delivery and prior to unloading – Subject to the 110% law, if applicable.  The first date indicated as available for delivery is first date of the delivery window and not the promised delivery date.  Pick up and delivery dates are estimates and not guaranteed.  All charges based on full tariff rates.

Plaintiff's daughter signed the revised written estimate "Elena Isupov by Maria Isupov, Power of Attorney in fact."  The foreman of the moving crew countersigned.

Plaintiff demanded a reweigh of the property, believing it to be her right as outlined in a Federal Motor Carrier Safety Administration booklet.  The truck driver denied that Plaintiff had such a right and threatened that he would not deliver her property to her.

The property has not been delivered to Plaintiff.  Plaintiff understands that her property will be auctioned.  Plaintiff demands delivery of her property or, if it has been sold, $100,000 damages.  Plaintiff also demands legal fees.

Plaintiff alleges that Defendant is unlicensed and uninsured.

### IV.  Discussion

#### A.  Parties

Although Plaintiff sues only Defendant American Relocation Moving Specialist, the revised written estimate was made by North America Transfer.  Plaintiff does not allege the relationship between these two entities nor allege sufficient facts to establish that it has properly elected to file suit against Defendant American Relocation Moving Specialist alone.

In addition, the complaint does not allege Defendant's role in the transaction.  Depending on the particular claim, the regulations may apply differently to a broker than to a carrier.  The amended complaint should more fully identify Defendant and its role in the underlying transaction.

#### B.  Fraud

Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages.  *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 990 (2004).  Federal Rule of Civil Procedure

5

9(b) requires that, when a plaintiff alleges fraud, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Although the substantive elements of fraud are established by state law, Plaintiffs must plead the elements in accordance with the requirements of F.R.Civ.P. 9(b). *See Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106. In other words, a plaintiff must allege facts establishing "the who, what, when, where, and how" of the fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). In preparing the amended complaint, Plaintiff must clearly and completely set forth the factual allegations supporting each element of fraud.

### C.    Refusal to Reweigh

A carrier may use either of two methods to determine a shipment's weight. 49 C.F.R. §375.509(a). If the carrier uses option one, weight at origin, it must determine the weight as the difference between the tare weight of the vehicle before loading at the origin of the shipment and the gross weight of the same vehicle after the shipment has been loaded. 49 C.F.R. § 375.509(a)(1). The second option is the back weigh, in which the carrier determines the weight by weighing the fully loaded vehicle, then subtracting the tare weight of the vehicle after it is unloaded. 49 C.F.R. §375.509(a)(2). If a carrier advises an individual shipper of the billing weight and total charges before actually unloading a shipment weighed at origin, the individual shipper may demand a reweigh and the freight charges must be based on the re-weigh weight. 49 C.F.R. §375.517. The complaint does not allege whether Plaintiff's shipment was weighed at origin, in which case she would be entitled to demand a reweigh, or back weighed, in which case she would not.

The complaint is also unclear about whether Plaintiff's intent is to enforce the regulation that she contends was violated or whether the violation is alleged as a fact supporting the fraud

claim. 49 U.S.C. Ch. 149 provides for civil penalties for violation of the regulations governing interstate movers of household goods set forth in 49 C.F.R. Ch. III, Part 375. With a few exceptions, enforcement of violations of the regulations is the responsibility of the Federal Motor Carrier Safety Administration (FMSCA) or the state attorney general. The Court has been unable to identify authority for private enforcement of 49 C.F.R. §375.517.

### D. Violation of Registration Requirements

The complaint is also unclear whether Plaintiff's intent is to enforce the registration requirement or whether the violation is alleged as a fact supporting the fraud claim. 49 U.S.C. § 14707(a) permits an individual injured by any transportation or service to bring a civil action to enforce the violation. Such action must be brought in the judicial district in which the Defendant operated. 49 U.S.C. § 14707(a). A copy of the complaint must be served on the Secretary of the Department of Transportation, and a certificate of that service must be included in the complaint. 49 U.S.C. § 14707(b).

### E. Injunctive Relief

Plaintiff states, "[T]he systematic fraud conducted by Defendant should be halted immediately." The Court is not certain whether Plaintiff intends to seek an injunction against Defendant and, if so, what behavior by Defendant Plaintiff seeks to prohibit.

An injunction is an extraordinary remedy. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). It should issue only when court intervention "is essential in order effectually to protect property rights against injuries otherwise irremediable." *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919). "[T]he basis for injunctive relief has always been irreparable injury and the inadequacy of legal remedies." *Weinberger*, 456 U.S. at 312.

At the very least, the amended complaint must articulate what behavior, Plaintiff seeks to preclude. In the absence of this information, the Court is unable to provide much specific guidance as to what Plaintiff must allege for her claim to be cognizable. Before a court may enter a permanent injunction, a plaintiff seeking such relief must satisfy a four-part test, demonstrating (1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between

the plaintiff and the defendant, an equitable remedy is warranted; and (4) that the public interest would be served by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006). Plaintiff's revision of the complaint may also be guided by F.R.Civ.P. 65(d)(1), which requires every order granting an injunction to (A) state the reasons why it is issued; (B) state its terms specifically; and (D) describe in reasonable detail the act or acts restrained or required.

### F.   Contract Claim

An individual shipper must generally resolve its own disputes with the carrier. 49 C.F.R. Ch. III, Part 375, App. A. Resolution of such disputes is generally a matter of contract law. *Id.* In a contract action, a shipper is bound by (a) the terms and conditions that the parties negotiated before the move; (b) the terms and conditions set forth on the bill of lading signed by the shipper; and (c) the terms and conditions that the shipper accepted when it accepted delivery of its goods. *Id.* A shipper may elect to enforce the contract through court action. *Id.* The regulations require all carriers to offer arbitration for dispute settlement, however. *Id.*

The complaint does not clearly set forth a contract claim. If Plaintiff intends to sue on her contract with Defendant, the amended complaint should clearly indicate the claim and fully set forth all supporting factual allegations.

### V.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, but, as discussed above, must allege sufficient facts to support each claim. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying her legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendant to the alleged claims.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **June 17, 2011**                   /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE